# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| CARREL T. LILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-cv-1348 |
| | ) | |
| METROPOLITAN GOVERNMENT | ) | Judge Campbell |
| OF NASHVILLE AND DAVIDSON | ) | Magistrate Judge Griffin |
| COUNTY, TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## INITIAL CASE MANAGEMENT ORDER # 1

Pursuant to Local Rule 16.01(d), the Parties submit this Proposed Order for entry by the Court.

A. **JURISDICTION.** This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

B. **BRIEF THEORIES OF THE PARTIES.**

1. <u>PLAINTIFF</u>: Plaintiff, Carrel "Todd" Liles, was hired by Metro Public Schools on approximately January 7, 2013. Plaintiff sustained an injury to his eye while on the job at Metro Public Schools. This eye injury ultimately led to a detached retina requiring surgery. During his time away from his position Plaintiff received multiple communications from his supervisor, Harley Tatarsky, encouragingly advising Plaintiff that he was a good employee and that he should not worry about losing his position with Metro Public Schools. Plaintiff suffered a second retinal detachment in March of 2013 and had follow surgery on March 20, 2013. After the

second surgery, Plaintiff spoke with Mr. Tatarsky and was advised again that he was a good employee but that if he "didn't pray, now was a good time to start." Plaintiff spent the next few weeks attempting to ascertain his employment status with Metro Public Schools. Plaintiff contacted Metro Schools through Brandy Easley and Valerie Harpin to inform them that he had been released to return to work with limitations. Plaintiff received a return call that day from Laurie Schell advising him that he was being terminated and that he could collect his personal belongings on April 23, 2013. No attempts were made by Metro Public Schools to make accommodations for Plaintiff's disability received directly from his employment related injury. Plaintiff exhausted all administrative options through the EEOC and Metro Public Schools to resolve this matter and timely filed this suit on the 24th day of June, 2014. Plaintiff seeks all damages to which he is entitled including, but not limited to, compensatory damages for humiliation, pain and suffering, front pay, back pay, discretionary costs, reasonable attorney's fees and injunctive relief preventing Metro Public Schools from engaging in this discriminatory behavior in the future.

2. <u>DEFENDANT</u>: The Metropolitan Government of Nashville and Davidson County denies all liability. All actions taken by the Metropolitan Government were for legitimate, non-discriminatory, and non-retaliatory reasons unrelated to Plaintiff's purported disability or alleged requests for accommodation. Plaintiff has not been treated differently than any similarly-situated comparators. At the time that Plaintiff was hired, he was informed that his first three months on the job would be a test period, after which Metro Schools personnel would decide whether to retain him or

terminate his employment. Plaintiff was terminated because he did not show adequate proficiency in his job or sufficient improvement in his job performance.

  C. **ISSUES RESOLVED.** Jurisdiction, venue, and service of process.

  D. **ISSUES STILL IN DISPUTE.** Liability and damages.

  E. **INITIAL DISCLOSURES.** The Parties shall exchange initial disclosures by **Monday, September 8, 2014**.

  F. **DISCOVERY.** The parties shall complete written discovery and depose all fact witnesses on or before **Friday, April 17, 2015**. Discovery is not stayed during dispositive motions, unless ordered by the Court. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **Monday, February 2, 2015**. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, if unable to resolve their differences, have scheduled and participated in a conference telephone call with the Court.

  G. **MOTIONS TO AMEND.** Any new motion to amend a pleading shall be filed on or before **Friday, January 16, 2015**.

  H. **DISCLOSURE OF EXPERTS.** The parties do not anticipate retaining expert witnesses to provide expert witness testimony.

  I. **DEPOSITIONS OF EXPERT WITNESSES.** Not applicable.

  J. **JOINT MEDIATION REPORT.** The parties shall file a joint mediation report on or before **Friday, January 16, 2015**.

  K. **DISPOSITIVE MOTIONS.** Dispositive motions must be filed on or before **Monday, May 18, 2015**. Responses to motions must be filed by **Monday, June 22, 2015**. Optional replies may be filed by **Monday, July 6, 2015**. Briefs shall not

exceed twenty-five pages without leave of the Court.

L. **ELECTRONIC DISCOVERY.** The parties anticipate that they will be able to resolve any issues relating to electronic discovery. Thus, the default standard contained in Administrative Order 174 need not apply.

M. **TRIAL.** Jury trial will be set by separate order. The parties estimate trial to take four business days.

IT IS SO ORDERED.

_____
HON. JULIET GRIFFIN
U.S. Magistrate Judge


APPROVED FOR ENTRY:


/s/Jedidiah L. Cochran
ANDY L. ALLMAN (BPR No. 17857)
JEDIDIAH L. COCHRAN (BPR No. 27158)
Attorney for Plaintiff Carrell T. Liles
103 Bluegrass Commons Blvd.
Hendersonville, TN 37075
(615) 824-3761
andylallman@comcast.net


/s/James E. Robinson
ALLISON L. BUSSELL (BPR No. 23538)
JAMES E. ROBINSON (BPR No. 24680)
Assistant Metropolitan Attorneys
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, TN 37219
(615) 862-6341
allison.bussell@nashville.gov
james.robinson@nashville.gov